**Scott B. GAMEL, Plaintiff,**

v.

**CITY OF SAN FRANCISCO, et al., Defendants.**

**No. C–85–8948 SAW.**

United States District Court, N.D. California.

May 2, 1986.

Gary E. Gamel, San Jose, Cal., for plaintiff.

George Agnost, City Atty., Gregory M. Fox, Deputy City Atty., San Francisco, Cal., for defendants.

## ORDER OF DISMISSAL

WEIGEL, District Judge.

Defendants' motion came on for hearing May 1, 1986. The Court has considered the briefs, arguments of counsel and the entire record in this matter.

The major question raised by this motion is the proper retroactive effect to be given *Wilson v. Garcia*, — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that actions under 42 U.S.C. § 1983 are to be governed by statutes of limitations for personal injuries. Plaintiff, Scott Gamel, sues San Francisco and Does one through ten pursuant to § 1983, and the fourth, sixth and fourteenth amendments to the United States Constitution, for injuries he allegedly received while being detained by police officers. He also sues under a number of state tort theories.

The detention occurred on December 9, 1984. Gamel filed a timely administrative claim against the City according to the provisions of Calif.Gov't.Code § 900 *et seq.*, the California Tort Claims Act (Tort Claims Act). On June 14, 1985, the City mailed him a letter denying his claim and informing him that he had six months in which to file suit according to the relevant provision of the Tort Claims Act, Cal.Gov't.Code § 945.6. Suit was filed on December 13, 1985.

Defendants move to dismiss the § 1983 claim as untimely. If this motion is granted, they also move to dismiss the pendent state claims as there would no longer be any federal claims before the Court. Plaintiff argues that a three year statute of limitations applies, and further, that even if a one year statute applies, defendants voluntarily extended the limitations period until December 14, 1985 in their letter of June 14, 1985.

Prior to the decision in *Wilson v. Garcia, supra,* this circuit applied California's three year statute of limitations for statutorily created causes of action, Cal.Civ. Proc.Code § 338(1), to § 1983 claims. *Smith v. Cremins,* 308 F.2d 187 (9th Cir. 1962). *Wilson* held that § 1983 claims were akin to personal injury actions, and should be treated accordingly. In California, that meant applying the one year statute: Cal.Civ.Proc.Code § 340.

In *Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986), the Ninth Circuit refused to apply *Wilson* retroactively to cases filed before *Wilson* was announced. The instant case falls outside of *Gibson* in that the cause of action arose prior to, but was filed after, the date *Wilson* was decided.

There is language in *Gibson* supporting both parties' positions. On defendants' side, there is language stating that this

circuit allows plaintiffs their day in court "when their action was timely under the law in effect at the time their suit was commenced." *Id.* at 1339. The specific holding of *Gibson* was "that *Wilson* should not be retroactively applied to oust claims that were timely when filed." *Id.* at 1340. However, while discussing the equities supporting this holding, the court noted that "defendants are not prejudiced by enforcing the limitations rule prevailing at the time of their alleged wrongful acts." *Id.* at 1339. *Gibson* leaves open the question at bar.

■ To resolve the issue, the Court will apply the factors governing the retroactive application of new cases. They are: (1) whether the decision establishes a new rule of law; (2) whether retroactive effect furthers or retards the purposes of this rule; and (3) whether so applying the new rule produces inequitable results. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

The first two factors apply in the same way to the instant case as they did in *Gibson.* Clearly *Wilson* establishes a rule different from the one previously in force in this circuit. Second, the goals set forth in *Wilson,* protection of civil rights litigants, achieving certainty and avoiding relitigation of issues, are equally furthered under either a one year or a three year limitations period. *Gibson, supra,* at 1339.

■ However, under the facts of this case the third *Chevron* factor militates strongly in favor of applying the *Wilson* rule. *Wilson* was decided on April 17, 1985, almost eight months before the action would become time barred under a one year statute of limitations. Unlike the plaintiff in *Gibson,* Gamel had ample time to file an action within the new time limit.

The result could be different if the one year period had already passed by the time *Wilson* was announced. In that case, the Court might allow plaintiff a reasonable time to file suit after the decision. However, such is not the situation here.

■ Plaintiff's second argument is also without merit. The statute he cites in support of his position, Cal.Civil Code § 1697, obviously has no application to this case. Even taken as an estoppel argument, Gamel's position is untenable. The June 14 letter clearly applied only to state law claims within the Tort Claims Act, and defendants do not contend that those claims are time barred. § 1983 actions are not subject to the limitations and procedures of the Tort Claims Act. *Wilson v. Garcia,* — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Donovan v. Reinbold,* 433 F.2d 738 (9th Cir.1970).

■ Dismissal of the state claims is proper as there are no longer any federal claims before the Court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This should not prejudice plaintiff. The six month statute of limitations in Tort Claims Act cases is tolled while those claims are pending before this Court. If plaintiff files his state suit quickly, it will be timely. *Addison v. State,* 21 Cal.3d 313, 578 P.2d 941, 146 Cal.Rptr. 224 (1978).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's federal causes of action are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff's state law causes of action are dismissed without prejudice.