**Raymond Joseph THOMPSON, Plaintiff,**

v.

**Paul WEISENBERGER, parole agent, and Thomas Webb, agent supervisor, Defendants.**

**No. C–86–4575 SAW.**

United States District Court, N.D. California.

May 18, 1987.

Raymond Joseph Thompson, in pro per.

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

WEIGEL, Senior District Judge.

Thompson brings this action under 42 U.S.C. § 1983 alleging that his parole

**34.** *Parker v. Harris,* 626 F.2d 225, 231 (2d Cir.   1980).

agent and the agent's supervisor conspired to have him arrested for a crime he did not commit. It is undisputed that Thompson was arrested on September 6, 1984, and that his parole was revoked on October 30, 1984 because of the alleged offense.

 Because Thompson seeks to proceed *in forma pauperis,* the court may dismiss his claim *sua sponte* if a defense is obvious from the pleadings. *Franklin v. Murphy,* 745 F.2d 1221, 1228–29 (9th Cir.1984). In *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that the limitations period for actions under section 1983 should be taken from the statute governing actions for personal injuries in the state where the claim arose. In California, where Thompson's claim arose, the applicable period is one year. Cal.Civ.Proc.Code § 340 (West 1986).

Thompson's claim arose before the decision in *Wilson.* The Court must therefore decide whether *Wilson* should be applied retroactively to this case.

 When a court establishes a rule shortening the limitations period, plaintiffs must be given a reasonable time or grace period in which to file suit. *Texaco, Inc. v. Short,* 454 U.S. 516, 527 n. 21, 102 S.Ct. 781, 791 n. 21, 70 L.Ed.2d 738 (1982). At the same time, the new limitations period established by *Wilson* should be implemented "as quickly as justice permits." *Anton v. Lehpamer,* 787 F.2d 1141, 1146 (7th Cir.1986). In *Cabrales v. County of Los Angeles,* 644 F.Supp. 1352, 1356 (C.D. Cal.1986), the Court held that "a plaintiff whose § 1983 action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either three years from the date his action accrued or one year after *Wilson,* April 17, 1986." *See Anton v. Lehpamer,* 787 F.2d at 1141.

 One full year after *Wilson* is a "reasonable time" for bringing claims accrued before *Wilson.* This Court held in a previous case that eight months after *Wilson* was a reasonable time limit. *Gamel v. City of San Francisco,* 633 F.Supp. 48, 50 (N.D.Cal.1986). *Cabrales* is more lenient,

giving plaintiffs a full year after *Wilson,* in effect treating them as if their claims had accrued on the date of the decision and then allowing the full limitations period established in that case.

The Court finds that the *Cabrales* approach fairly balances the interest of plaintiffs in having a reasonable time after *Wilson* to file their claims, and the federal policy of implementing *Wilson* in an expedient fashion.

 Under *Cabrales,* Thompson had until April 17, 1986 to file his claim. Thompson did not file the complaint until August 7, 1986, more than three months after the deadline under *Cabrales.* Therefore, his claim is untimely and must be dismissed.

Accordingly,

IT IS HEREBY ORDERED that the complaint is dismissed with prejudice.