**Joe Nathan COOPER, Plaintiff,**

v.

**FRANCHISE TAX BOARD, STATE OF CALIFORNIA; City of Richmond, County of Contra Costa; Richmond Police Department; Does 1–XX, Defendants.**

No. C–86–4427 SAW.

United States District Court,
N.D. California.

June 2, 1987.

Sanuel C. McMorris, Oakland, Cal., for plaintiff.

Austin Gibbons, A. Byrne Conley, Gibbons, Lees, Schaefer & Edrington, Walnut Creek, Cal., John Van De Kamp, Atty. Gen., State of Cal., Calvin J. Abe, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

Plaintiff filed this action on July 30, 1987, alleging violations of his civil rights.

Plaintiff alleges that the Franchise Tax Board improperly made a "jeopardy assessment" against him on the ground that he had unreported income from selling narcotics. Plaintiff also alleges that Richmond police, without probable cause or a warrant, arrested him and seized his money on several occasions. Plaintiff claims that these actions violated his constitutional rights to be secure against false arrest and unreasonable search and seizure, to have counsel of his choice, and to receive due process and equal protection of the law.

Defendants City of Richmond and Richmond Police Department move to dismiss the complaint. The Court finds that the false arrest and unlawful search and seizure claims are barred by the statute of limitations. The Court does not have the power to hear the remaining claims, which relate to the jeopardy assessment.[1]

### I. Statute of Limitations

■ Plaintiff's causes of action for false arrest and for unlawful search and seizure accrued at the time of the arrests, searches and seizures because the alleged wrongful acts were discrete conduct prior to trial and do not relate to an alleged denial of a fair trial. See Venegas v. Wagner, 704 F.2d 1144 (9th Cir.1983) (false arrest and unlawful search and seizure claims accrued when the acts occurred). The last date of any action complained of was February 4, 1982. At that time, the statute of limitations for these causes of action was three years. Smith v. Cremins, 308 F.2d 187, 190 (9th Cir.1962). The complaint was filed more than three years after the last acts alleged in the complaint. Even though plaintiff was imprisoned for part of the time after the causes of action accrued, he was not imprisoned on the date the causes of action accrued. Therefore, his imprisonment does not toll the statute of limitations. Cal.Civ. Proc.Code § 357 (West 1982).

Because the false arrest and unlawful search and seizure causes of action are barred under a three year statute of limitations, the Court need not decide if the one-year statute of limitations that has applied since April, 1985 should apply retroactively. See Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (establishing one-year statute of limitations); St. Francis College v. Al-Khazraji, —— U.S. ——, —— – ——, 107 S.Ct. 2022, 2023–27, 95 L.Ed.2d 582 (1987) (declining to apply Wilson v. Garcia retroactively to an action under 42 U.S.C. § 1981); Cabrales v. County of Los Angeles, 644 F.Supp. 1352, 1356 (C.D.Cal.1986) (applying Wilson v. Garcia retroactively to an action under 42 U.S.C. § 1983).

■ Plaintiff's claims that the jeopardy assessment resulted in the denial of his constitutional rights to counsel of his choice, due process, and equal protection did not accrue until his conviction because these claims go to the fairness of his trial. See Venegas, 704 F.2d at 1146. Because plaintiff was imprisoned upon his conviction, the statute of limitations was tolled until his release on October 13, 1985. Cal. Civ.Proc.Code § 352(a)(3) (West 1982). He filed his complaint less than one year after being released from prison. Therefore, even under a one-year statute of limitations, plaintiff's causes of action alleging that the jeopardy assessment affected the fairness of his trial are not time barred.

### II. Challenge to State Taxes in Federal Court

■ The Supreme Court has held that the principle of comity prevents federal courts from hearing claims for injunctive, declaratory, or monetary relief from state tax collections, even if the collection allegedly is unconstitutional, as long as the state provides a plain, adequate and complete remedy. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (42 U.S.C. § 1983 suit to redress allegedly unconstitutional administration of a state tax system). Plaintiff asks the Court to declare that the jeopardy assessment is void and to order the defendants to pay plaintiff

---

**1.** Because these grounds dispose of the entire complaint, the Court will not reach defendants' other arguments for dismissal.

the money assessed plus interest. There-fore, he cannot bring his claims in federal court if the state provides an adequate remedy. The state provides an adequate remedy if all of plaintiff's constitutional claims can be reviewed by a state court. *Capitol Industries-EMI, Inc. v. Bennett,* 681 F.2d 1107, 1116–17 (9th Cir.), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1438, 71 L.Ed.2d 655, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). In a tax claim involving similar state court review procedures, the Ninth Circuit held that California provides adequate procedures. *Id.* Moreover, plaintiff can bring a 42 U.S.C. § 1983 action in state court. *Logan v. Southern California Rapid Transit District,* 136 Cal.App.3d 116, 124, 185 Cal. Rptr. 878, 883 (Cal.Ct.App.1982). Consequently, this Court cannot hear plaintiff's challenges to the jeopardy assessment.

Accordingly,

IT IS HEREBY ORDERED that the complaint is dismissed.