Sterling **USHER**, Plaintiff-Appellant,

v.

**CITY OF LOS ANGELES**, Richard A. Gonzales, Michael E. Melton, Jose E. Ramirez, Joe Rios, and Robert L. Vann, Defendants-Appellees.

No. 86–6328.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1987.

Decided Sept. 21, 1987.

Shirley A. Ostrow, Los Alamitos, Cal., for plaintiff-appellant.

Richard M. Melgeson, Asst. City Atty., Los Angeles, Cal., for defendants-appellees.

Before ANDERSON, SKOPIL and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Sterling Usher brought suit against the City of Los Angeles and five police officers for violation of his civil rights under 42 U.S.C. § 1983 (1982), and for conspiracy to violate his civil rights under 42 U.S.C. § 1985(2) and (3) (1982). Usher's suit arises from the events surrounding an arrest that occurred one year and nineteen

days prior to the filing of his complaint. Between the time of the arrest and the complaint, the Supreme Court decided *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which had the effect of shortening the statute of limitations for section 1983 actions in California from three years to one year. The district court, applying *Wilson* retroactively, dismissed Usher's section 1983 claim as time-barred. The court also dismissed, for failure to state a claim, his section 1985 claims and his section 1983 claim for malicious prosecution. We reverse.

## I. *Facts*

Usher, a black male and a civilian employee of the Los Angeles Police Department, was arrested on November 1, 1984, by Los Angeles police officers who responded to a complaint that he had broken a window in his apartment. He was taken in handcuffs to a police station where he remained manacled for about two hours. He alleges that during these two hours he was denied toilet access and consequently urinated in his clothes. He alleges also that during the six hours of his arrest he was physically abused by the arresting officers without justification and was referred to by them as "nigger" and "coon."[1]

Usher was charged with resisting police officers, malicious mischief, and disturbing the peace. He was tried and acquitted in March 1985. Subsequently, the Los Angeles Police Department, in its role as Usher's employer, conducted an investigation into the events surrounding his arrest. The department discharged Usher in April 1985 for misconduct; his appeals to the city's civil service commission were unsuccessful.

One year and nineteen days after his arrest, Usher filed this action against the City of Los Angeles, the four arresting police officers, and the officer who questioned him at the police station, claiming that his arrest violated his civil rights under 42 U.S.C. § 1983. He alleged that he was arrested inside his home without a warrant or legal authority, that the defendant police officers contrived a story to justify their illegal conduct in arresting him, and that they submitted false police reports which resulted in a bad faith criminal prosecution and his dismissal from the police department. Usher later amended his complaint to include claims under 42 U.S.C. § 1985(2) and (3) for conspiracy to deprive him of his civil rights and under 42 U.S.C. § 1983 for malicious prosecution.

Defendants moved to dismiss the section 1983 claim arising from Usher's arrest, contending that it was time-barred by *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). They moved to dismiss Usher's claims of conspiracy and malicious prosecution for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the defendants' motions to dismiss. Usher appeals.

## II. *The Statute of Limitations for Section 1983 Claims*

State law determines the statute of limitations for actions brought under 42 U.S.C. § 1983. *Strung v. Anderson*, 452 F.2d 632 (9th Cir.1971). Prior to the Supreme Court's decision in *Wilson v. Garcia*, many states had more than one time limit for bringing section 1983 suits; the limit invoked in a particular case depended on the nature of the section 1983 claim. The Court in *Wilson*, seeking to achieve uniformity within each state, held the statute of limitations for all section 1983 claims to be the forum state's statute of limitations for personal injury torts. 471 U.S. at 279, 105 S.Ct. at 1949. In California this period is one year. Cal.Civ.Proc.Code § 340(3) (West Supp.1987). Prior to *Wilson*, we had held that the statute of limitations for all section 1983 suits in California was three

---

1. The facts we recite here are those alleged by Usher. The defendants deny Usher's version of the facts. For purposes of reviewing on appeal the dismissal of a complaint, we must accept as true the plaintiff's allegations of fact. *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986). In so doing, we express no view as to the validity of Usher's statement of the factual background of this case.

years. *Smith v. Cremins*, 308 F.2d 187 (9th Cir.1962) (applying the limitations period of California Civil Procedure Code § 338(1) governing causes of action created by statute to section 1983 suits). The time between Usher's arrest and the filing of his complaint exceeds the one-year period allowed under *Wilson* but falls within the three-year period permitted under the former rule.

The question here is whether to apply the new rule of law enunciated in *Wilson* retroactively to a cause of action that arose prior to the date of that decision but was not filed until after that case was decided, where the effect of doing so would be to impose a shortened statute of limitations that would serve to bar the plaintiff's claim. We have previously held that *Wilson* will be given retroactive effect where it serves to *lengthen* rather than shorten the relevant statute of limitations. *Rivera v. Green*, 775 F.2d 1381, 1383–84 (9th Cir. 1985), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1656, 90 L.Ed.2d 198 (1986). Further, where the result would be to shorten the statute of limitations, we have held that *Wilson* does not apply retroactively to a complaint filed prior to *Wilson* and within the applicable statute of limitations at the time it was filed. *Gibson v. United States*, 781 F.2d 1334, 1339–40 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).

Two district courts in this circuit have considered the precise question presented here and have reached opposite results. In *Gamel v. City of San Francisco*, 633 F.Supp. 48 (N.D.Cal.1986), the court ruled that *Wilson* applied retroactively and barred plaintiff's subsequently filed claim on the basis of the shortened statute of limitations. By contrast, the court in *Cabrales v. County of Los Angeles*, 644 F.Supp. 1352 (C.D.Cal.1986), refused to apply the shorter limitations period to a claim filed after *Wilson* on the ground that it would lead to inequitable results. The *Cabrales* court expressly criticized *Gamel*

and offered the example of a case in which a cause of action accrued almost a full year before *Wilson;* applying *Wilson* blindly to that case, the *Cabrales* court said, would leave the plaintiff with but a few days to become aware of the implications of the Supreme Court's ruling and file suit. 644 F.Supp. at 1356 n. 6. Because our circuit had not yet determined what constitutes an adequate period of time to react to the *Wilson* decision, *Cabrales* adopted the approach used by the Seventh Circuit in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir. 1986).

The facts of *Anton* are not the same as those we face here, the critical difference being that Anton's complaint was filed *before* the Court's decision in *Wilson*. This makes *Anton* factually akin to our earlier *Gibson* case. The Seventh Circuit, faced with the question whether to apply *Wilson* retroactively to an action filed before *Wilson*, fashioned a rule that would resolve the retroactivity question for cases filed after *Wilson* as well. The court held that in *all* cases the statute of limitations would be the earlier expiring of either the pre-*Wilson* period, commencing at the time the cause of action accrued, or the post-*Wilson* period, commencing at the time *Wilson* was decided.[2] 787 F.2d at 1146. Under this rule, because Anton's injury occurred on December 21, 1978, when there was a five-year limitations period, and *Wilson* was decided April 17, 1985, and shortened the limit to two years, the statue of limitations ran until December 21, 1983.

In determining the retroactive application of *Wilson*, both the *Anton* and *Gibson* courts utilized the criteria enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). *Anton*, 787 F.2d at 1142; *Gibson*, 781 F.2d at 1339. The *Chevron* criteria are: (1) whether the new decision establishes a new principle of law; (2) whether retroactive application of the new principle will retard the purposes of the rule in ques-

---

**2.** Actually, the *Anton* court stated that the statute of limitations would be the "shorter" of these two periods. Clearly, by that term the court intended to select whichever of the two periods expires first—which depends both on the length and the starting point of the period—and not whichever of the two periods is shorter in length.

tion; and (3) whether applying the new decision retroactively will produce inequitable results. If these questions are answered affirmatively, retroactive application should not apply. We, too, apply these criteria and reach a conclusion similar to that of the *Anton* and *Gibson* courts.

A wholly retroactive application of *Wilson* to causes of action arising before it was decided would conflict with all three *Chevron* criteria. First, shortening the statute of limitations applicable to section 1983 actions is a clear break with precedent. Litigants such as Usher who relied on the earlier, longer limit would be significantly prejudiced. *See Saint Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987) [3].

Second, applying *Wilson* here would retard one of the purposes articulated by the Court for the new rule, which is safeguarding the rights of federal civil rights litigants. *Wilson,* 471 U.S. at 278–79, 105 S.Ct. at 1948–49; *see Anton,* 787 F.2d at 1144; *Gibson,* 781 F.2d at 1339. Further, the other two articulated goals, i.e., achieving within-state uniformity for section 1983 limitation periods and minimizing unnecessary collateral litigation, had already been attained in California prior to *Wilson,* because California already had a single statute of limitations for all section 1983 claims. *Wilson,* 471 U.S. at 275, 105 S.Ct. at 1947; *see Anton,* 787 F.2d at 1144; *Gibson,* 781 F.2d at 1339.

The third *Chevron* criterion is an equitable one which requires us to balance the advantages and harms to plaintiffs and defendants. *Wilson* was decided more than five and one-half months after Usher's arrest. If *Wilson* were to be applied here and a one-year filing period that began to run at the time of Usher's arrest were imposed, then Usher would have had less than six and one-half months in which

to file suit. While arguably Usher slept on his rights during this time, doing so for so short a period, is not, by itself, dispositive. As the *Cabrales* court pointed out, a rule that might appear acceptable in one case would not be so in another, depending solely on the relative coincidence of the dates of the events giving rise to the cause of action and the *Wilson* decision. For that reason, we prefer not to adopt a case-by-case approach in fashioning a rule here. Whether the plaintiff's cause arose one month or eleven months before *Wilson* is not critical; what is important is that we adopt a uniform rule, that can be applied easily to all situations, regardless of when the cause of action arose.

Further, in reviewing the third *Chevron* criterion, we must also examine whether the defendants are disadvantaged by denying them retroactive application. In *Parker v. Superior Court,* 175 Cal.App.3d 1082, 223 Cal.Rptr. 292 (1985), the court denied retroactive application of the new section 1983 statute of limitations, concluding that it would not unduly prejudice the defendants (again the Los Angeles police) because they had previously been put on notice that they were the objects of a lawsuit. *Id.* at 1091, 223 Cal.Rptr. 292. Similarly, here, the defendants cannot claim that Usher's suit took them by surprise. The individual officers were already the subjects of a departmental investigation demanded by Usher shortly after his arrest, and a civil service hearing concerning the same facts had been held within one year of the arrest. The hearing was held by the municipal defendant. Consequently, here, as in *Gibson,* "defendants are not prejudiced by enforcing the limitations rule prevailing at the time of their alleged wrongful acts." 781 F.2d at 1339. Thus, all three *Chevron* criteria weigh against blanket retroactive application of *Wilson.*

---

**3.** The Supreme Court has twice ruled on whether *Wilson* should be applied retroactively, in *Goodman v. Lukens Steel Co.,* —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), and *Saint Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). In both cases, the Court applied the *Chevron* test. In *Goodman,* the petitioners contended that the

decision overruled clear circuit precedent. The Court disagreed. 107 S.Ct. at 2621. In *Saint Francis College,* the Court refused to apply *Wilson* retroactively, because clear circuit precedent established a longer statute. Because the statute of limitations under a section 1983 claim was previously clear in this circuit, *Saint Francis* is controlling here.

Our adoption of the rule first enunciated by the Seventh Circuit is consistent with the *Chevron* criteria, and satisfies the *Wilson* Court's concern for safeguarding the rights of federal civil rights litigants while still providing individual state uniformity for section 1983 actions. Therefore, we hold that in states such as California, where the effect of *Wilson v. Garcia* is to shorten the limitation period for 42 U.S.C. § 1983 actions, the limitation period for causes of action arising prior to *Wilson* shall be either (1) the pre-*Wilson* period, commencing at the time the cause of action arises, or (2) the post-*Wilson* period, commencing with the *Wilson* decision, whichever expires first. Thus, in California, the applicable statute of limitations is either three years from the time the cause of action arises or one year from *Wilson,* depending on which period expires first. In Usher's case, the latter occurred first. Since the complaint was filed less than a year after the date *Wilson* was decided, the action was timely.

### III.  *The Section 1985 Conspiracy Claims*

In his amended complaint, Usher also alleged causes of action under 42 U.S.C. § 1985(2) and (3) for a conspiracy to deprive him of the equal protection of the laws. Under the relevant clauses of these subsections,[4] a properly pleaded claim must include an allegation of racial or class-based animus. *Kush v. Rutledge,* 460 U.S. 719, 726, 103 S.Ct. 1483, 1487, 75 L.Ed.2d 413 (1983) (limiting holding of *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), to first clause of section 1985(3)); *Bretz v. Kelman,* 773 F.2d 1026, 1030 (9th Cir.1985) (en banc) (extending *Griffin* requirement to second clause of section 1985(2)). To establish racial or class-based animus, a plaintiff must show "invidiously discriminatory motivation ... behind the conspirators' action." *Griffin,* 403 U.S. at 102, 91 S.Ct. at 1798. The district court held that Usher's complaint did not allege racial animus.

On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *Western Reserve Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986). On appeal, the court reviewing a grant of a motion to dismiss must also presume the truth of the allegations of the complaint. *Mark v. Groff,* 521 F.2d 1376, 1378 (9th Cir.1975). The issue is not whether the plaintiff ultimately will prevail, but whether he is entitled to offer evidence to support his claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The trial court may not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Under this standard for dismissal of a complaint, the district court's holding was erroneous. Usher alleged that he was arrested without cause, held handcuffed for several hours and denied toilet privileges, and then prosecuted under contrived charges; he specifically alleged that in the course of his arrest he was called "nigger" and "coon." By pleading that racial slurs were directed against him, Usher has made an allegation of racial animus sufficient to survive a motion to dismiss under Fed.R. Civ.P. 12(b)(6). Therefore, Usher has adequately pleaded causes of action under 42 U.S.C. § 1985(2) and (3).

### IV.  *The Section 1983 Malicious Prosecution Claim*

In this circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy. *Bretz v. Kel-*

---

**4.** The second clause of section 1985(2) concerns only conspiracies to affect the due course of justice in a state, while the first clause of section 1985(3) concerns any private conspiracy to deny the equal protection of the laws.

man, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc); *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir.1981). However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz*, 773 F.2d at 1031; *Cline*, 661 F.2d at 112. In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause. *Singleton v. Perry*, 45 Cal.2d 489, 494, 289 P.2d 794 (1955); *see* 4 B. Witkin, *Summary of California Law*, Torts §§ 242, 245–53 (8th ed. 1974).

■ In his complaint, Usher alleged that the defendants illegally arrested him, contrived charges to justify the arrest, submitted false police reports and initiated his criminal prosecution in bad faith. Further, Usher contends that the police officers called him "nigger" and "coon"—references which, as we have noted, are sufficient to demonstrate racial animus—and that they acted pursuant to official policy, practice or custom. The criminal proceeding against Usher was terminated in his favor, by a dismissal for lack of evidence. Read liberally as they must be, Usher's pleadings fairly bring his common law tort claim of malicious prosecution within the scope of section 1983, under the exception for a malicious prosecution intended to deprive a person of the equal protection of the laws.

## V. *Conclusion*

Where a cause of action under 42 U.S.C. § 1983 arises prior to *Wilson v. Garcia*, and the effect of *Wilson* is to shorten the statute of limitations for that claim, the applicable statute of limitations is either (1) the pre-*Wilson* period, commencing at the time the cause of action arises, or (2) the post-*Wilson* period, commencing with the *Wilson* decision, whichever expires first. For Usher, whose section 1983 claim is controlled by California's statutes of limitation, his complaint was timely because it was filed within one year of April 17, 1985, the date of *Wilson*. We also hold that

Usher's complaint adequately pleaded causes of action under 42 U.S.C. § 1985(2) and (3), and for malicious prosecution under 42 U.S.C. § 1983.

REVERSED and REMANDED.