967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert KETCHUM, Plaintiff-Appellant,
v.
Robert RANKIN, Clyde Randolph, et al., Defendants-Appellees.
 No. 91-36147.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 12, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Ketchum appeals pro se the district court's dismissal of his action for damages against two individuals who allegedly assaulted him. Ketchum brought this action under 42 U.S.C. §§ 1983 and 1985, and alleged diversity jurisdiction under 28 U.S.C. § 1332. The district court dismissed the sections 1983 and 1985 claims as frivolous under 28 U.S.C. § 1915(d), and found that the court lacked subject matter jurisdiction over the diversity action because Ketchum failed to allege the minimum dollar amount of damages required by statute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.
 
 
 3
 We review for abuse of discretion the district court's determination that a complaint is frivolous under section 1915(d). Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (May 4, 1992). A legal claim is frivolous if "it lacks an arguable basis in law." Neitzke v. Williams, 490 U.S. 319, 324 (1989). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 632 (9th Cir.1988). Furthermore, a pro se complaint may be dismissed without leave to amend only if it is absolutely clear that the deficiencies could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Section 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983; Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir.1987). For purposes of section 1983, a person acts under color of state law only when exercising power " 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Here, Ketchum's sole basis for his claim that the defendants acted under color of state law was his allegation that they had been issued driver's licenses by the state of Montana. There is clearly no basis for concluding that Montana's decision to issue the defendants drivers' licenses made these defendants agents of the state for purposes of section 1983. See Dodson, 454 U.S. at 321.
 
 
 5
 Ketchum also attempts to state a claim under sections 1985(2) and (3) for violation of his civil rights as a result of the alleged assault. Where an alleged conspiracy does not involve an interference with federal officers, courts or elections, a plaintiff's claim under section 1985 must be based upon the second clause of section 1985(2) or the first section of 1985(3).[1] Bretz v. Kelman, 773 F.2d 1026, 1028 (9th Cir.1985) (en banc). A properly pleaded claim under these clauses must contain an allegation of racial or class-based animus demonstrating an "invidiously discriminatory motivation ... behind the conspirator's action." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Ketchum does not show a racial or class-based, invidiously discriminatory animus behind the actions of the alleged conspirators.
 
 
 6
 Accordingly, the district court did not abuse its discretion by dismissing as frivolous pursuant to 28 U.S.C. § 1915(d) Ketchum's 42 U.S.C. §§ 1983 and 1985 claims. See Denton, 60 U.S.L.W. at 4348.
 
 
 7
 The district court correctly stated that Ketchum's diversity claim failed to allege damages at or above the jurisdictional minimum required by 28 U.S.C. § 1332(a). Nonetheless, because of the serious nature of the injuries claimed, the district court should have dismissed the complaint with leave to amend rather than dismiss the complaint outright.
 
 
 8
 We AFFIRM the district court's dismissal of Ketchum's sections 1983 and 1985 claims, and REVERSE and REMAND for the district court to grant Ketchum leave to amend his diversity claim.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1985 provides in relevant part:
 (2) ... [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State ..., with intent to deny to any citizen the equal protection of the law, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
 (3) If two or more persons in any State ... conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
 42 U.S.C. § 1985 (1981).