**Thambiah SUNDARAM; Nalini Sundaram, Plaintiffs–Appellants,**

v.

**COUNTY OF SANTA BARBARA; Chuck Villanti; Dennis J. Balsamo, Defendants–Appellees.**

No. 01–55972.

D.C. No. CV–98–06643–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided April 18, 2002.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Plaintiffs Thambiah ("Dr.") and Nalini Sundaram appeal the summary adjudication of their action against defendants Dennis Balsamo and Chuck Villanti. We affirm in part, reverse in part and remand for further proceedings.

■ Plaintiffs argued in their opening brief, and in objections to the report and recommendations of the magistrate judge,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that they pled a claim for illegal search of their clinic that was never addressed by the court in the summary adjudication of their action. We agree with the district court that plaintiffs did not properly raise an allegation of illegal search of the clinic as a separate claim. They may not do so now.

■ Plaintiffs argue that the district court improperly adjudicated their malicious prosecution claim as a matter of law. We disagree. In order to succeed on a malicious prosecution claim under 42 U.S.C. § 1983, the plaintiff must show (i) tortious conduct under the elements of state law, and (ii) intent to deprive the individual of a constitutional right. *Poppell v. City of San Diego,* 149 F.3d 951, 961 (9th Cir.1998). "In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Usher v. City of Los Angeles,* 828 F.2d 556, 562 (9th Cir.1987); *see also Singleton v. Perry,* 45 Cal.2d 489, 289 P.2d 794, 798 (Cal.1955). Plaintiffs have not set forth specific facts showing that the initiation of prosecution was without probable cause. Accordingly, the summary adjudication of their claim of malicious prosecution was proper. *See Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995).

■ We also agree with the district court that the Sundarams have failed to set forth specific facts supporting their claim of selective prosecution under the Fourteenth Amendment. A claim for selective prosecution can be proved only where there is evidence that members of an identifiable class were singled out for enforcement of the law while nonmembers of the class were not prosecuted. *United States v. Estrada–Plata,* 57 F.3d 757, 760 (9th Cir.1995); *accord United States v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct.

1480, 134 L.Ed.2d 687 (1996) ("The claimant must demonstrate that the ... prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose."). The Sundarams failed to set forth specific facts showing that others similarly situated were not prosecuted and thus cannot establish a selective prosecution claim.

■ The remaining claims involve only Dr. Sundaram. Dr. Sundaram argues that the district court improperly adjudicated his false arrest claim because a jury could find, viewing the facts in the light most favorable to him, that his detention at the clinic was unreasonable in violation of the Fourth Amendment, and motivated by discriminatory animus in violation of the Fourteenth Amendment. We agree.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The affidavits and depositions contain radically different versions of the facts surrounding the questioning of Dr. Sundaram at his clinic. Defendants dispute Dr. Sundaram's contention that they detained him against his will and subjected him to racially abusive questioning. These disputed facts are material to whether the scope of the detention was "carefully tailored to its underlying justification." *Florida v. Royer,* 460 U.S. 491, 500, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *see generally Mutual Fund Investors v. The Putnam Mgmt. Co.,* 553 F.2d 620, 624 (9th Cir.1977) ("A material issue is one which may affect the outcome of the litigation."). Accordingly, summary adjudication of Dr. Sundaram's claim of unlawful detention under the

Fourth Amendment was improperly granted.

■ We also reverse the summary adjudication of Dr. Sundaram's equal protection claim as it relates to the abuse he allegedly suffered at the clinic. Sundaram was not required to present general evidence that other people similarly situated to him were not abused in a similar way in order to proceed to trial on that claim. *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 n. 14, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (explaining that "a consistent pattern of official racial discrimination is [not] a necessary predicate to a violation of the Equal Protection Clause. A single invidiously discriminatory governmental act ... would not necessarily be immunized by the absence of such discrimination in the making of other comparable decisions."); *City of Richmond v. United States*, 422 U.S. 358, 378–79, 95 S.Ct. 2296, 45 L.Ed.2d 245 (1975) ("An official action ... taken for the purpose of discriminating ... on account of ... race has no legitimacy at all under our Constitution.... '[A]cts generally lawful may become unlawful when done to accomplish an unlawful end[.]' ") (quoting *Western Union Telegraph Co. v. Foster*, 247 U.S. 105, 114, 38 S.Ct. 438, 62 L.Ed. 1006 (1918)). Dr. Sundaram set forth specific facts (his testimony that he was harassed in racial terms) from which a jury could find that the defendants' conduct at the clinic was motivated by a discriminatory purpose. *See Usher*, 828 F.2d at 562 (holding that contentions that "police officers called him 'nigger' and 'coon' ... are sufficient to demonstrate racial animus"). To succeed on summary judgment, it is therefore the burden of the defendants to show by undisputed evidence that there

was no discriminatory effect—that the search, detention and manner of dealing with Dr. Sundaram would have taken place even without a discriminatory animus, *Village of Arlington Heights*, 429 U.S. at 271 n. 21, 97 S.Ct. 555 (explaining that proof of discriminatory purpose "shift[s] to the [defendants] the burden of establishing that the same decision would have resulted even had the impermissible purpose not been considered")—or was justified by some compelling governmental interest. Defendants' have not showm by undisputed evidence that any compelling governmental purpose justified their alleged actions.[1] Moreover, if a jury believed Sundaram's version of the events, it could conclude that he would not have been subjected to the same treatment at the clinic absent a discriminatory purpose. We therefore reverse summary judgment on Dr. Sundaram's equal protection claim as it relates to his treatment at the clinic.

The district court dismissed Dr. Sundaram's § 1985 and § 1986 claims because it concluded that no § 1983 deprivation occurred. Having reversed the district court's findings with respect to Dr. Sundaram's § 1983 claim alleging illegal and retaliatory detention, we reverse also the finding that Dr. Sundaram was barred from claims of relief under § 1985 and § 1986.

For these reasons we affirm the summary adjudication of the Sundarams' first cause of action alleging malicious prosecution. We reverse the summary adjudication of the other causes of action under §§ 1983, 1985 and 1986 only as they relate to Dr. Sundaram's claim that he was detained illegally and for retaliatory motive. All other findings of the district court are affirmed because the Sundarams' argu-

---

1. Indeed, the defendants' primary defense is that the events alleged by Dr. Sundaram did not occur. That is an issue of fact that needs to be resolved by a trial.

ments for reversal are either not meritorious, have been waived or need not be addressed given the above disposition. We remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Each party to bear its own costs.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.