Thambiah SUNDARAM, Plaintiff—
Appellant,

and

Nalini Sundaram, Plaintiff,

v.

Chuck VILLANTI; Dennis J. Balsamo,
Defendants—Appellees.

Thambiah Sundaram, Plaintiff—
Appellee,

and

Nalini Sundaram, Plaintiff,

v.

Chuck Villanti, Defendant—Appellant,

and

Dennis J. Balsamo, Defendant.

Nos. 04–55237, 04–55327.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Filed March 9, 2006.

Robert L. Bastian, Jr., Esq., Law Offices of Bastian & Dini, Los Angeles, CA, for Plaintiff–Appellant.

David Adida, DAG, AGCA–Office of the California Attorney General, Los Angeles, CA, Michael M. Youngdahl, Esq., Office of County Counsel, Santa Barbara, CA, for Defendant–Appellee.

Before: HUG and WARDLAW, Circuit Judges, and SUKO,* District Judge.

MEMORANDUM **

Thambiah Sundaram ("Sundaram") initially asserted claims against at least six defendants based on twelve causes of action under the First, Fourth, and Fourteenth Amendments. Pretrial motions resulted in dismissal of the entire case. On appeal in *Sundaram v. County of Santa Barbara*, 39 Fed.Appx. 533 (9th Cir.2002), the Ninth Circuit resurrected four claims against two defendants, Chuck Villanti

("Villanti") and Dennis Balsamo ("Balsamo"). Two claims survived to reach the jury, which returned a verdict for Sundaram on one claim and awarded damages of $20,000. The district court invoked *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) to award Sundaram's attorneys less than half of their requested fees, a sum of $129,997.50. The court declined to tax costs. Sundaram now appeals the fee and cost decisions and Villanti cross-appeals. Because the district court acted well within its discretion declining to tax costs and applying *Hensley* to award a reasonable attorney's fee, we AFFIRM.

I. Sundaram's Appeal

■ A. Costs. We review the district court's refusal to tax costs against the non-prevailing party for abuse of discretion. *See Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir. 2003); *Association of Mexican–American Educators v. California*, 231 F.3d 572, 591–92 (9th Cir.2000) (en banc). The Ninth Circuit has construed Federal Rule of Civil Procedure 54(d)(1) to create a presumption in favor of awarding costs to the prevailing party—Sundaram, in this case. *See Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir.1995), *overruled on other grounds by Association of Mexican–American Educators*, 231 F.3d at 593. However, "[i]n the event of a mixed judgment ... it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997). The district court need only explain "why a case is not 'ordinary' and why, in the circumstances, it would be inappropri-

* The Honorable Lonny R. Suko, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

370

ate or inequitable to award costs." *Association of Mexican–American Educators*, 231 F.3d at 593. This was done. The district judge explained that Sundaram would be denied costs because of "the mixed judgment and factually close nature of the case." This was not an abuse of discretion.

■ B. Attorney's Fees. We review attorney's fee awards made pursuant to 42 U.S.C. § 1988 for abuse of discretion. *See Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir.2003); *Webb v. Sloan*, 330 F.3d 1158, 1167 n. 6 (9th Cir.2003). Because this lawsuit consists of related claims, *Hensley* requires the district court to focus, in determining a reasonable fee, on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. Where only "partial or limited success" was obtained, a full fee award may be excessive and encourage too much litigation. *Id.* at 436, 103 S.Ct. 1933; *see Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir.1986); *Corder v. Gates*, 947 F.2d 374, 379–380 (9th Cir.1991). Either line-item or across-the-board percentage cuts are within the discretion of the district court to reduce the fee. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir.1992). Here, the district judge followed *Hensley*, first excluding 45.2 hours from the lodestar as "unnecessary and/or unreasonable," then adjusting the award downward by fifty percent to reflect Sundaram's limited success. This was not an abuse of discretion.

## II. Villanti's Cross–Appeal

■ Villanti contends that the district court erred in allowing some fees on unsuccessful claims. The district court found that Sundaram's claims, both successful and unsuccessful, were interrelated under *Hensley*. Accordingly, the court allowed Sundaram to collect a fee on time spent pursuing related claims—albeit a substantially reduced fee. The general rule is *de novo* review of legal reasoning figuring into a district court's *Hensley* analysis; however, we review a district court's determination of relatedness for abuse of discretion. *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 902 (9th Cir.1995). The test for determining whether claims are related is neither scientific nor precise. *Thorne*, 802 F.2d at 1141; *Schwarz*, 73 F.3d at 902–903. The focus in this Circuit is on whether the claims arose out of a separate course of conduct, and claims may be related if either the facts or the legal theories are the same. *Webb*, 330 F.3d at 1168. What precisely occurred in the Shanti Clinic on August 13, 1997 clearly affects each and every one of Sundaram's claims, successful or unsuccessful. The district court did not abuse its discretion in awarding fees based on related claims.

■ Villanti also contests the district court's findings that Sundaram proved he had exercised billing judgment and that he was entitled to a legal rate of $300.00 per hour for certain paralegal tasks. These findings were not an abuse of discretion.

AFFIRMED.