967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wanda Toves MATERNE, for and on behalf of herself and other
heirs of Crisanto C. Toves and Ana Gogue Manglona,
and Leonardo M. Toves, Plaintiffs-Appellants,
v.
MARIANAS PUBLIC LAND CORPORATION; Government of the
Commonwealth of the Northern Mariana Islands,
Defendants-Appellees.
 No. 91-15826.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided June 16, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wanda Toves Materne and Leonardo M. Toves appeal the district court's grant of summary judgment in favor of Marianas Public Land Corporation ("MPLC") and Commonwealth of the Northern Mariana Islands ("CNMI") in their 42 U.S.C. § 1983 civil rights action. Appellants alleged that their Fourteenth Amendment procedural due process rights were violated when certain real property on the Island of Rota, in which they claimed an ownership interest, was determined to be Government land in 1975. We have jurisdiction under 28 U.S.C. § 1291[1] and we affirm.
 
 DISCUSSION
 I. Statute of Limitations
 
 3
 Appellants contend that 7 CMC § 2502(a)(2) is the appropriate statute of limitations to be applied to their section 1983 claim. Section 2502(a)(2) provides that "[a]ctions for the recovery of land or any interest therein[ ]" must be "commenced only within 20 years after the cause of action accrues[.]" Alternatively, appellants argue any limitation period that applies is tolled or lifted by the Commonwealth's Public Purpose Land Exchange Authorization Act, 2 CMC §§ 4141-4149, and the CNMI Const. Schedule on Transitional Matters, § 7. See also Apatang v. Marianas Public Land Corp., No. 89-013 (NMI 1990).
 
 
 4
 We cannot agree. The issue of the appropriate characterization of the state limitations period to be applied to a section 1983 claim was conclusively determined by the Supreme Court in Wilson v. Garcia, 471 U.S. 261 (1985). Because section 1983 actions are best characterized as actions for injuries to personal rights, courts should borrow the state statute of limitations that applies to personal injury actions. Id. at 279-80. "Only the length of the limitations period, and closely related questions of tolling and application are to be governed by state law." Id. at 269. The Court in Wilson considered and rejected the notion that "catchall" limitations periods or statutes of limitations for damage to property or breach of contract should be applied. Id. at 277-79. See also Owens v. Okure, 488 U.S. 235, 249-50 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").
 
 
 5
 The Commonwealth Code provides a two year limitation for "[a]ctions for injury to or for the death of one caused by the wrongful act or neglect of another...." 7 CMC § 2503(d). We conclude this statute is the Commonwealth's general personal injury statute, and it provides the proper limitations period for actions under section 1983.[2] See, e.g., Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987) (Proper statute of limitations for section 1983 actions in California is Cal.Civ.Proc.Code § 340(3), which provides a one-year period for an action "for injury to or for the death of one caused by the wrongful act or neglect of another."); accord McDougal v. County of Imperial, 942 F.2d 668 (9th Cir.1991) (applying California's one-year limitation period to section 1983 action involving property).
 
 
 6
 Relying on Apatang, appellants argue the Mariana Supreme Court interpreted 2 CMC §§ 4141-4149 and a provision in the CNMI Constitution as lifting "any statute of limitations with respect to any land claim against the government." Even if we agreed with appellants' characterization and applicability of the Mariana Supreme Court's statements in Apatang, the limitations period in this case is not tolled on that basis. Neither the decision in Apatang, nor the provisions cited therein, have any relation to the limitations period for actions under section 1983. As stated, the applicable limitations provision for a section 1983 action is section 2503(d), the general personal injury provision. Appellants fail to cite any relevant legal authority or argument to support their contention that section 2503(d) was tolled. Their theory that the limitations period for the section 1983 claim was tolled because a claim for inadequate compensation for transfers of interests in property may be maintained after the applicable limitations period has expired is simply irrelevant. Appellants do not cite to, nor are we aware of, any relevant tolling theory.[3]
 
 
 7
 Any cause of action under section 1983 accrued in 1975. Appellants did not file their complaint until 1989, thus, the complaint is time barred and summary judgment was appropriate.
 
 
 8
 The district court's grant of summary judgment in favor of MPLC and CNMI is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although there is some dispute between the parties whether a section 1983 claim can be maintained against these defendants, see Temengil v. Trust Territory of Pac. Islands, 881 F.2d 647 (9th Cir.1989), cert. denied, 110 S.Ct. 2617 (1990), section 1983 is applicable to the Northern Mariana Islands. See id. at 651; Fleming v. Department of Public Safety, 837 F.2d 401, 404-05 (9th Cir.), cert. denied, 488 U.S. 889 (1988). Regardless, if the merits of the appeal are insubstantial, we may assume without deciding the jurisdictional question. See, e.g., Clow v. United States Dep't of Hous. & Urban Dev., 948 F.2d 614, 616 & n. 2 (9th Cir.1991)
 
 
 [2]
 Appellants also argue that even if the two year statute of limitations period normally applies in section 1983 actions, it does not apply in this case because it is unconstitutional to apply the limitations period in cases where the underlying claim is the taking of property without notice. The cases relied on by appellants, however, do not support their proposition; rather, the cases only apply the rule that a cause of action generally does not accrue until the plaintiff knows or has reason to know of the injury
 The injury alleged here is a violation of procedural due process under section 1983. Prior to the hearing, the Land Registration Team issued a Notice of Formal Hearing, posted notices, and made radio announcements. In fact, appellants state in their brief that "a notice was posted on [the] land, municipal office, principal meeting place, published on the newspaper and was announced on the radio." Additionally, appellants do not dispute that at some point, the Team attempted to serve a copy of the notice directly upon Albert M. Toves, but he was off-island and his now deceased wife refused to accept it on his behalf. Based on these facts, we conclude the appellants had reason to know of their injury by 1975.
 
 
 [3]
 We also note that section 2511 provides: "[a] civil action or proceedings to enforce a cause of action mentioned in this Chapter may be commenced within the period of limitation herein prescribed, and not thereafter, except as otherwise provided in this Chapter."