967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David NOTARTOMASO, Plaintiff-Appellant,
v.
STATE of HAWAII; George M. Masuoka; Stewart Spring;
Roberta McBride, Defendants-Appellees.
 No. 91-15795.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Notartomaso, an Hawaii state prisoner, appeals pro se the district court's order dismissing his civil rights complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review de novo a district court's dismissal for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). Dismissal is appropriate only if the plaintiff "can prove no set of facts which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1084 (1987). The allegations in the complaint are taken as true and are construed in the light most favorable to the nonmoving party. Love v. United States, 915 U.S. 1242, 1245 (9th Cir.1989).
 
 
 4
 Following his state conviction for one count of unauthorized use of a vehicle and two counts of fraudulent use of a license plate, Notartomaso brought suit under 42 U.S.C. §§ 1982, 1983, and 1985 against the State of Hawaii, the prosecutor, and the presiding judge.[2] Notartomaso claimed that the prosecutor and presiding judge, in both their official and individual capacities, had conspired to violate his civil rights in retaliation for Notartomaso's failure in a separate proceeding to identify a person arrested for an alleged assault on him.
 
 
 5
 "Racial discrimination must be shown to state a colorable [42 U.S.C. § ] 1982 claim." West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1527 (9th Cir.1990); see also Jones v. Alfred H. Mayer Co., 392 U.S. 409, 413 (1968).[3] Notartomaso's complaint makes no reference at all to racial discrimination with reference to his section 1982 claim, and he declined to amend his complaint in order to allege such discrimination.
 
 
 6
 Notartomaso also attempts to state a claim under 42 U.S.C. § 1985. Where an alleged conspiracy does not involve an interference with federal officers, courts or elections, a plaintiff's claim under section 1985 must be based upon the second clause of section 1985(2) or the first section of 1985(3).[4] Bretz v. Kelman, 773 F.2d 1026, 1028 (9th Cir.1985) (en banc). A properly pleaded claim under these clauses must contain an allegation of racial or class-based animus demonstrating an "invidiously discriminatory motivation ... behind the conspirator's action." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Notartomaso's complaint does not allege a racial or class-based, invidiously discriminatory animus behind the actions of the alleged conspirators, nor did he avail himself of the opportunity to amend his complaint and cure this defect.
 
 
 7
 Notartomaso's 42 U.S.C. § 1983 claims against the State of Hawaii and the prosecutor and presiding judge in their official capacities are barred by the doctrine of sovereign immunity. See Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2309, 2311 (1989).
 
 
 8
 Notartomaso's section 1983 claims against the prosecutor and presiding judge in their individual capacities are also barred. As noted by the district court, all of Notartomaso's allegations of misdeeds by the prosecutor relate to the prosecutor's conduct in prosecuting the state court case. The prosecutor is absolutely immune from a civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).
 
 
 9
 Similarly, judges are protected by judicial immunity from civil liability " 'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.' " Stump v. Sparkman 435 U.S. 349, 356 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). Notartomaso's complaints regarding the actions of the presiding judge in the state court prosecution all relate to judicial acts taken during the course of the trial and cannot form the basis for a section 1983 claim for damages. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Notartomaso's notice of appeal filed May 10, 1991 was premature because the district court's April 23, 1991 order granted Notartomaso until May 13, 1991 to amend his complaint. The April 23 order, however, further specified that failure to amend the complaint within the specified time period would result in dismissal of the complaint with prejudice. Because Notartomaso never filed an amended complaint, the dismissal of the action became final and appealable on May 13, 1991. See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989) (plaintiff's failure to cure deficiency in complaint within period provided by district court converted dismissal to final appealable order). The final disposition of the action on May 13, 1991 cured the earlier premature appeal. See In re Eastport Ass'n, 935 F.2d 1071, 1075 (9th Cir.1991) (entry of final judgment cures premature appeal). Accordingly, we have jurisdiction to consider Notartomaso's appeal
 
 
 [2]
 Notartomaso also initially named the court reporter as a defendant in this action. On Notartomaso's motion below, all claims against the court reporter were dismissed
 
 
 [3]
 42 U.S.C. § 1982 provides:
 [a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell hold, and convey real and personal property.
 
 
 [4]
 42 U.S.C. § 1985 provides in relevant part:
 (2) ... [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State ..., with intent to deny to any citizen the equal protection of the law, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
 (3) If two or more persons in any State ... conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.