**Tom JENSEN, individually and as an advocate for the rights and interests of his mother, Marguerite Jensen, a frail elderly institutionalized person, Plaintiff–Appellant,**

v.

**SWEET HOME ONE CARE FACILITY, a business entity; et al., Defendants–Appellees.**

Nos. 01–15673, 01–16502.

D.C. No. CV–00–03261–SI.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the Smiths' request for oral argument is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Jensens' "Motion to Request Hearing" is denied.

## MEMORANDUM[**]

Tom Jensen appeals pro se from the district court judgment dismissing his civil rights action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1139 (9th Cir.1996). We affirm in part and reverse and remand in part.

Jensen contends that the district court erred by dismissing his claim that his rights were violated by the restrictions placed on his visitations to his mother, a resident at Sweet Home One Care Facility. We agree.

Although the district court properly concluded that Jensen's pleadings were sufficient to allege the defendants acted under color of state law when they imposed restrictions on his visits, the district court failed to treat Jensen's allegations as true and draw all reasonable inferences in his favor when ruling on the motion to dismiss. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). Because Jensen had sufficiently alleged that the private defendants were state actors, they could not unreasonably restrict his First and Fourteenth Amendment rights. In addition, Jensen alleged that his brother had falsely accused him of being disruptive. The district court improperly relied on this accusation to conclude that Jensen had failed to raise cognizable claims pursuant to the First and Fourteenth Amendments. Accordingly, the dismissal of Jensen's section 1983 claim based on the visitation restriction is reversed and remanded for further proceedings.

Jensen's contention that his mother was a member of a group suffering invidious discrimination is moot. Injunctive relief became unavailable following Jensen's mother's death. *See Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir.1983).

We do not reach Jensen's contention that defendants acted ultra vires because it is raised for the first time on appeal. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992).

The district court properly dismissed all but the restrictive visitation claim without leave to amend because any attempted amendment of those claims would have been futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.1996).

Jensen's remaining contentions lack merit.

Jensen's motion for supplemental briefing received on January 7, 2002 is ordered filed and denied. Jensen's request for judicial notice filed August 31, 2001, is denied.

Each party to bear its own costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.