Arturo GONZALEZ, Plaintiff—
Appellant,

v.

CITY OF SANTA MONICA, Defendant,

and

Bickler, Police Officer, Santa Monica
Police Department; Carranza, Police
Officer; Lucio, Police Officer; Legur-
ski, Police Officer, Defendants—Ap-
pellees.

No. 02–56553.

D.C. No. CV–99–05409–R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Filed Dec. 15, 2003.

Withdrawn Jan. 22, 2004.

Decided Jan. 23, 2004.

Yana K. Gershfeld, Esq., Gershfeld &
Voronin, Beverly Hills, CA, for Plaintiff–
Appellant.

Carol Ann Rohr, Esq., Santa Monica
City Attorney, Santa Monica, CA, for De-
fendant–Appellee.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

### ORDER

This court's memorandum disposition filed December 15, 2003 is withdrawn and replaced with the attached disposition.

With the filing of this new disposition, appellant's petition for rehearing, filed December 29, 2003, is hereby DENIED.

### MEMORANDUM **

Petitioner Arturo Gonzalez appeals the grant of summary judgment and dismissal of his § 1983 action for use of excessive force, for arrest without probable cause, and for malicious prosecution. Because the complaint and supporting evidence, when construed in the light most favorable to the plaintiff, properly allege a constitutional violation, we reverse the decision of the district court.

■ When reviewing a defendant's motion for summary judgment, we take the facts in the light most favorable to the non-moving party. *See Haugen v. Brosseau,* 339 F.3d 857, 862 (9th Cir.2003) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)); *see also* Fed.R.Civ.P. 56. Where there are disputes as to material issues of fact, summary judgment is not appropriate. *Simo v. Union of Needletrades,* 322 F.3d 602, 610 (9th Cir.2003). In this case, the district court incorrectly resolved virtually all material disputes in favor of the officers. *See Martinez v. Stanford,* 323 F.3d 1178, 1184 (9th Cir.2003).

The use of force is excessive and therefore violative of the Fourth Amendment when, balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests" with "the countervailing governmental interests at stake," the finder of fact determines the force used was unreasonable. *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Because of the need for such balancing, "summary judgment ... in excessive force cases should be granted sparingly." *Santos v. Gates,* 287 F.3d 846, 853 (9th Cir.2002).

In his affidavit, Gonzalez states, among other things, that although he was shouting at the officers to put their guns away, he at no time touched an officer or otherwise interfered with the arrest of his brother. He further states in his affidavit that Officer Legerski sprayed him in the face with pepper spray, and that Officer Carranza beat him on the leg and knee with his baton while Officer Bickler pulled his hair and Officer Lucio pulled him by his arm. A reasonable jury could conclude that the officers used excessive force in this case, thus violating the Fourth Amendment. *See Headwaters Forest Defense v. County of Humboldt,* 240 F.3d 1185, 1199 (9th Cir.2000). Since the law governing excessive force was clearly established at the time of the alleged incident, qualified immunity would be inappropriate under the facts alleged. *Drummond v. City of Anaheim,* 343 F.3d 1052, 1056 (9th Cir.2003). The district court thus erred in granting summary judgment with respect to this claim.

■ In order for an arrest to constitute a valid seizure under the Fourth Amendment, an officer must have probable cause that an individual committed a crime to constitute a lawful seizure. *Beck v. Ohio,*

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In his complaint and supporting affidavit, Gonzalez states that he did not interfere with the police officers while they were attempting to arrest his brother. Assuming, as we must, that this is true, the police would not have probable cause to arrest Gonzalez for lynching or battery of an officer, the crimes for which he was arrested. As the requirement that police possess probable cause to arrest an individual was established by *Beck* in 1964, qualified immunity, and hence summary judgment, would not be appropriate.

■ The district court also erred in granting summary judgment with respect to the malicious prosecution claim. Reading Gonzalez's complaint under the standard of Fed.R.Civ.P. 8(a), as we must, he alleges the elements of malicious prosecution as well as the requisite intent to deprive him of his constitutional rights. *Usher v. City of Los Angeles,* 828 F.2d 556, 562 (9th Cir.1987). The defendants are not protected by the absolute immunity that usually attaches to involvement in a prosecution, as they are the complaining witnesses. *Harris v. Roderick,* 126 F.3d 1189, 1199 (9th Cir.1997). While "the exercise of prosecutorial judgment will usually insulate investigating officers from liability," *Poppell v. City of San Diego,* 149 F.3d 951, 962 (9th Cir.1998), there is an exception to this rule for instances in which officers knowingly submit false information. *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir.1981). Since a jury could find, under Gonzalez's version of the facts, that the officers engaged in malicious prosecution, the district court should not have granted summary judgment as to that claim.

* This panel unanimously finds this case suitable for decision without oral argument. See

The decision of the district court is RE-VERSED, and we REMAND for proceedings on the merits.