James SINGH, Plaintiff—Appellant,

v.

CITY OF OAKLAND, CA Municipal Corporation, Defendant—Appellee.

No. 06–17190.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Sept. 3, 2008.

Jennifer Nicole Matthews, Oakland City Attorney's Office, Oakland, CA, for Defendant–Appellee.

Before: PAEZ and BERZON, Circuit Judges, and BAER,* District Judge.

## MEMORANDUM **

Plaintiff–Appellant James Singh ("Singh") appeals the District Court's October 23, 2006 dismissal of the civil rights lawsuit he brought against Defendants–Appellees City of Oakland, former city Councilman Richard Spees and city employee William Singman (collectively, "the City") under 42 U.S.C. §§ 1983 and 1985.[1] With Singh's agreement the District Court entered a final judgment and order dismissing his lawsuit with prejudice, setting the stage for his appeal of its prior interlocutory orders in this case. Singh challenges three of these rulings: (1) the February 17, 2005 Order dismissing his Second Amended Complaint ("Complaint") with the exception of its Fifth Cause of Action; (2) the September 12, 2006 Order denying Singh leave to file a proposed Third Amended Complaint; and (3) the September 13, 2006 Order denying Singh's motion in limine to introduce evidence pertaining to events outside the statute of limitations.

George M. Vlazakis, Oakland, CA, for Plaintiff–Appellant.

---

* The Honorable Harold Baer, Jr., United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In his Complaint, Singh also asserted causes of action against some private parties. These claims were dismissed by the District Court in its February 17, 2005 Order. As Singh has not given these parties notice of his appeal nor presented in his brief any argument concerning his claims against them, his claims as to these parties are waived. *See Friends of Yosemite Valley v. Kempthorne,* 520 F.3d 1024, 1033 (9th Cir.2008).

120

## 1. February 17, 2005 Order

We consider in turn the six dismissed causes of action:

### a. First Cause of Action—Lack of Due Process in Attempting to Close Singh's Business

■ The District Court correctly ruled that the statute of limitations applicable to this claim is California's one-year limit for personal injury claims. *See Stanley v. Trustees of the Cal. State Univ.*, 433 F.3d 1129, 1134–36 (9th Cir.2006) (holding that a one-year statute of limitation applies to § 1983 causes of action arising from events occurring in California before January 1, 2003). Singh filed his original complaint on November 24, 2003. Therefore, the District Court rightly determined that he could not assert causes of action based on injuries that he "kn[ew] or had reason to know of," *id.* at 1136, before November 24, 2002.

The 1998 inspection of Singh's premises took place well before the statutory period. Consequently, the only valid basis for Singh's claim is the alleged 2004 incident, in which a City police officer cited and threatened to have towed two cars, belonging to Singh's customers, parked on his property.

The only injury to property Singh alleges as resulting from the latter event is damage to his business's goodwill. In California, "goodwill of one's business is a property interest entitled to protection." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir.1989) (holding that damage to a company's goodwill alleged injury to a property interest where the government sent letters to the company's customers threatening them with fines if they continued to do business with the company). As a matter of federal law, consequently, "the owner cannot be de-prived of [goodwill] without due process." *Id.*

■ However, as the District Court properly noted, an injury to property from loss of "business goodwill" results only when the government "direct[ly] interfere[s]" with a plaintiff's business relations. *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 375 (9th Cir.1999) (distinguishing *Soranno's* and holding that no damage to a corporation's goodwill property interest was alleged where the government published a report with negative information about the corporation's practices). Here, Singh has alleged no such direct interference, but only a reputational injury.

### b. Second Cause of Action—Excessive Fines

■ The District Court, likewise, did not err in dismissing the Eighth Amendment excessive fines claim in his complaint's Second Cause of Action. To state a viable claim, the Complaint needed to address "the two questions [that] are pertinent when determining whether the Excessive Fines Clause has been violated: (1)[i]s the statutory provision a fine … and (2)[i]f so, is the fine excessive?" *Wright v. Riveland*, 219 F.3d 905, 915 (9th Cir.2000). Singh failed to do either. He did not indicate what "statutory provision" he was alleging was a "fine," much less why he believed any individual fine was "excessive." *Id.*

### c. Third Cause of Action—Procedural Due Process Regarding Liens

■ The District Court did commit error, however, in dismissing Singh's allegations that the City recorded liens against his property without notice or hearing, and subsequently attempted to sell his property to satisfy these liens, again with no hearing concerning whether the liens were proper. In dismissing his claim, the Dis-

trict Court relied on *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), which it read as holding that "imposition of a lien without notice or a hearing does not constitute a due process violation." However, *Connecticut v. Doehr,* 501 U.S. 1, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991), interpreted *Mitchell* to the contrary, as consistent with the principle that "even the temporary or partial impairments to property rights that attachments, *liens,* and similar encumbrances entail *are* sufficient to merit due process protection." 501 U.S. at 12, 111 S.Ct. 2105 (citing *Mitchell,* 416 U.S. at 604, 94 S.Ct. 1895) (emphasis added). Moreover, *Mitchell* dealt only with the necessity for notice and hearing before an already-existing attachment or lien becomes effective. Here, the Third Cause of action alleges that Singh had *no* opportunity to contest the propriety of the lien at a hearing at *any* time before the attempted sale. *Mitchell* did not suggest that such a complete denial of a hearing complies with due process and, as it recognized, other cases indicate otherwise. *See* 416 U.S. at 611, 94 S.Ct. 1895 (citing the Court's prior case law as "stand[ing] for the proposition that a hearing must be had before one is finally deprived of his property"). Accordingly, we reverse the District Court's dismissal of Singh's Third Cause of Action and remand it to the District Court.[2]

### d. Fourth Cause of Action—Takings or Due Process

Regardless of whether the Fourth Cause of Action is construed as a takings claim or a due process allegation, the same one-year statute of limitations applies. *See Stanley,* 433 F.3d at 1134–36. Moreover, if we do treat this cause of action as a due process claim, as Singh proposes, it duplicates the First and Third Causes of Action. Accordingly, we affirm the dismissal of the Fourth Cause of Action. *See Swartz v. KPMG LLP,* 476 F.3d 756, 766 (9th Cir.2007) (affirming dismissal of cause of action as duplicative).

### e. Sixth Cause of Action—Declaratory Relief

Because any fines and penalties on his property of which Singh knew or had reason to know before November 24, 2002 lie outside the statutory period, so does any claim for declaratory relief related to them. *See Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 688 (9th Cir.1993). Singh submitted a declaration to the District Court, however, whose exhibits include public records indicating that at least one lien and one assessment for Oakland city code enforcement may have been recorded against his property by the City during the statutory period. "[D]raw[ing] all reasonable inferences in favor of the nonmoving party," we conclude that at this stage Singh has adequately pled a factual basis for his due process claim. *Usher v. Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987) ("The trial court may not grant a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (quotation marks omitted)). We therefore reverse the District Court and remand Singh's claim for declaratory relief, but only as to his due process claim.[3]

### f. Seventh Cause of Action—Accounting

 "The necessary prerequisite to the right to maintain a suit for an equitable

---

2. We note that Singh pled this cause of action only against the City of Oakland and not the other defendants.

3. We again observe that Singh pled this cause of action only against the City of Oakland.

accounting, like all other equitable remedies, is ... the absence of an adequate remedy at law." *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 478, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Singh does not allege that money damages are not an adequate remedy for the alleged constitutional violations related to the liens and assessments he challenges. We therefore affirm the District Court's dismissal of this cause of action.

**2. September 12, 2006 Order—Denial of Leave to Amend**

█ The District Court did not abuse its discretion in concluding that allowing Singh to file a proposed Third Amended Complaint a month before trial was scheduled to begin could have "prejudiced the opposing party" and "produce[d] an undue delay in litigation." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir.2006). The new claims Singh wished to allege were based on facts known to Singh at least two years before he filed the motion seeking leave to file the amended complaint. *See id.* at 953. Allowing Singh to amend his Complaint to add these claims could have created the need for additional discovery and other preparation for trial, prejudicing the City and delaying the proceedings. *See id.* at 953, 954 n. 10. We therefore affirm the District Court's September 12, 2006 Order.

**3. September 13, 2006 Order**

█ Singh challenges the District Court's denial of his pre-trial motion in limine to present evidence of incidents that occurred before the statutory period. We cannot review the denial of the motion.

Unless a trial court's ruling concerning introduction of evidence is "explicit and definitive," an unsuccessful motion in limine must be renewed at trial to be preserved for appeal. *Palmerin v. Riverside,* 794 F.2d 1409, 1413 (9th Cir.1986). A

district court's order regarding introduction of evidence is not "definitive" when the ruling indicates that it "might be subject to reconsideration." *Id.*

Here the District Court made clear that its denial of Singh's motion was "without prejudice to presentation of an offer of proof" at trial that the evidence is relevant to proving a discriminatory motive during the statutory period. By voluntarily accepting dismissal of his equal protection claim, Singh gave up the opportunity to make such an offer of proof and, thus, to preserve this issue for appeal. We therefore dismiss this portion of Singh's appeal.

**Conclusion**

We AFFIRM the District Court's February 17, 2005 Order except as to its dismissals of the due process claims in his Third and Sixth Causes of Action against the City of Oakland, which we REVERSE and REMAND. We AFFIRM the District Court's September 12, 2006 Order, and DISMISS Singh's appeal of the September 13, 2006 Order.

AFFIRMED in part; DISMISSED in part; and REVERSED in part and REMANDED. The parties shall bear their own costs on appeal.