**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID J. DEJEU,

               Plaintiff-Appellant,

  v.

LEWIS COUNTY; et al.,

               Defendants-Appellees.

No. 21-35018

D.C. No. 3:20-cv-05176-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

David J. Dejeu appeals pro se from the district court's judgment dismissing

his 42 U.S.C. §§ 1983 and 1985 action alleging various claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Dejeu's action because Dejeu failed to allege facts sufficient to state a plausible claim. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, (1978)); *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (to make out a claim under the second clause of § 1985(2) or the first clause of § 1985(3), "a plaintiff must show invidiously discriminatory motivation behind the conspirators action" (citation and internal quotation marks omitted and alteration adopted)).

The district court did not abuse its discretion in denying Dejeu's motion for reconsideration because Dejeu failed to establish grounds for relief. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (setting forth standard of review and stating "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)).

The district court did not abuse its discretion in denying Dejeu's motion to compel discovery because, subject to limited exceptions, a "party may not seek discovery from any source before the parties have conferred as required by Rule

26(f)."  Fed. R. Civ. P. 26(d)(1); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 677 (9th Cir. 2018) (standard of review).

The district court did not abuse its discretion by considering the allegedly late-filed motion to dismiss.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation . . . .").

Dejeu's request that this court order discovery, set forth in the opening brief, is denied.

**AFFIRMED.**